**[J-4-2023] [MO:Brobson, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | | |
|---|---|---|---|
| CARA SALSBERG, | | : | No. 7 EAP 2022 |
| | | : | |
| | Appellant | : | Appeal from the Judgment of |
| | | : | Superior Court entered on |
| | | : | September 15, 2021 at No. 623 EDA |
| | v. | : | 2019 affirming the Order entered on |
| | | : | January 17, 2019 in the Court of |
| | | : | Common Pleas, Philadelphia |
| DONNA MANN AND DREXEL | | : | County, Civil Division at No. |
| UNIVERSITY, | | : | 170603584. |
| | | : | |
| | Appellees | : | ARGUED: March 7, 2023 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE MUNDY**                                              **DECIDED: February 21, 2024**

I join the discussion and analysis of the Majority Opinion which concludes a claim for intentional interference with an existing at-will employment relationship by a third party is a valid cause of action in Pennsylvania. I also join in the Majority's further observations that for a co-worker to qualify as a third party in such an action, his or her misconduct must transpire outside the scope of the employment relationship, and that our recognition of this tort ought not be viewed as a weakening of well-settled precepts surrounding at-will employment.

Where I depart from the Majority is with its venturing into the specific facts of this summary judgment case to determine there are no genuine issues of material facts, resolving the case on a basis not addressed by the trial court and Superior Court Majority below. In a summary judgment action, relief may be afforded only when the record evidence viewed in the light most favorable to the non-moving party, demonstrates there

are no genuine questions of material fact and that the moving party is entitled to judgment as a matter of law. *Chepkevich v. Hidden Valley Resort,* 2 A.3d 1174, 1175, n.1, and 1182 (2010). Indeed, Judge Stabile in dissent, joined by J.J. Dubow and King, while opining there existed a cause of action in this context, also expressed their view that a genuine issue of material fact existed with respect to the fellow employee acting outside the scope of employment. *Salsberg v. Mann*, 262 A.3d 1267, 1272, 1275-76. The Majority takes on those facts at this stage to conclude there is no dispute the co-worker acted within the scope of his position, precluding any finding the at-will employment relationship was interfered with tortiously. However, the sufficiency of the factual assertions and their implications have not been fully briefed or argued by the parties. It would be my preference to afford the parties that opportunity. As the Majority notes, one of the elements of whether an action or course of behavior is conducted within the scope of employment is that "it is actuated, at least in part, by a purpose to serve the master" (Drexel in this case). Majority Slip Opinion @ 27, *quoting McGuire ex rel. Neidig v. City of Pittsburgh*, 285 A.3d 887, 892 (Pa. 2022), *quoting* Restatement (Second) of Agency § 228 (1958). Included in Salsberg's assertions are accusations that Mann's actions were not so motivated.

> 97. Defendant Mann's individual and malicious actions in inducing Drexel University to discharge Plaintiff from her employment were improper, purposeful and without justification or privilege because, as stated, Defendant Mann, in choreographing the termination of [Salsberg], did so maliciously and for her own retaliatory satisfaction **and not for any** business and/or academic interest of Drexel.

Complaint, 6/30/2017, ¶ 97 at 10 (emphasis added).[1] The Majority extensively recites the accounts advanced in discovery and opines "even accepting that the additional hours

---

[1] This allegation renders inapt the Majority's reliance on *Gruhlke v. Sioux Empire Fed. Credit Union, Inc.*, 756 N.W.2d 399, 409-10 (S.D. 2008) (holding that pleading in a (continued…)

were unnecessary, the expectations were not clear, Salsberg "did her best" with her work, Salsberg met with Rusenko for the benefit of herself and Mann, and Mann acted for personal retaliatory reasons in effectuating Salsberg's firing, **there is no genuine dispute that Salsberg was terminated at least in part for a purpose to serve Drexel**." Majority Slip Opinion at 38 (emphasis added). However, that conclusion requires a leap and does not flow from the findings listed. Firstly, it is not Salsberg's termination that is at issue but the motivation behind Mann's actions in securing her termination and whether that qualifies her as acting outside her employment as a third party.[2] Secondly, in reviewing Salsberg's factual proffers in support of her allegation of Mann's motivation, the Majority concludes that Salsberg's own account expressed Mann **had** various dissatisfactions with Salsberg's job performance. To the contrary, what Salsberg proffered was that Mann merely **affected** such dissatisfaction, without any basis in fact, to achieve her own exclusive ends in seeking Salsberg's termination. In support, Salsberg noted her disagreement with the PIP (the first of many evaluation reviews that showed anything but top performance) which included false accounts of behavior and work-product accuracy and was issued only after her meeting with Rusenko. These and other allegations regarding the timing of Mann's actions, her prevarications, and other false accounts raise an issue of material fact concerning whether Mann had the interest of Drexel in mind at all in seeking termination of Salsberg's employment.

---

complaint that acts by an individual were outside the scope of his/her employment, it is necessary to plead the individual was motivated "solely" for personal interest in order to properly state a claim of intentional interference).

[2] In this regard the Majority's references to *Geary v. United States Steel Corporation*, 319 A.2d 174 (Pa. 1974) are unhelpful. That case involved wrongful discharge and gave an employer broad scope to determine its own interest in discharging an at-will employee, including maintaining administrative order. Here the issue is Mann's private motivation behind her actions in securing Salsberg's termination and whether they include any intent to benefit Drexel.

Accordingly, I would vacate the judgment of the Superior Court majority and remand for further proceedings with opportunity for targeted advocacy on the remaining issues in this case.